# Beatty's Appeal.

1. Under the 3d section of the act of 2d April, 1849, for the protection of miners, &c., their claim, like rent, is a preferred claim against the debtor's goods.

2. When a firm is the debtor, a judicial sale of the separate interest of one partner does not entitle the miners to preferred payment out of the money so made.

APPEAL of Elizabeth M. Beatty and of Charles Haesler from the decree of the Court of Common Pleas of *Schuylkill County*, distributing the proceeds of the sheriff's sale of the personal property of John S. Struthers.

[Beatty's Appeal.]

John S. Struthers and O. H. P. Reed were co-partners in trade, as J. S. Struthers & Co., and as such were the lessees of a coal-mine, called the Diamond Colliery, in Tuscarora, in Schuylkill County.

On the 18th day of April, 1855, a judgment was entered on a judgment note in the Court of Common Pleas of Schuylkill County, in favor of Elizabeth M. Beatty against John S. Struthers, for $612 12, and on the 12th day of May, 1855, a judgment was entered on a judgment bond in favor of Charles Haesler, against John S. Struthers, for $2,000.

On the 29th day of May, 1855, writs of *fi. fa.* were issued on these judgments, under which the sheriff levied upon and sold the interest of John S. Struthers in the partnership property of the firm of Struthers & Reed, for $1,900; and also individual property of John S. Struthers to the amount of $252; the execution of Elizabeth M. Beatty having the precedence, having been first delivered to the sheriff.

At the time of the sale, the firm of J. S. Struthers & Co. were indebted to miners and laborers, for work done for the firm at the Diamond Colliery, to the amount of $4,493 15.

The miners and laborers claimed that the proceeds of the sales should be applied *to the payment of their claims against the firm.* The execution creditors claimed the proceeds as being the value of the interest of John S. Struthers in the firm, subject to the payment of the partnership debts, which included the claims of miners and laborers. The sheriff paid the money into court. An auditor was appointed, who distributed the proceeds of the sale of the interest of John S. Struthers in the firm of Struthers & Reed among the miners and laborers, as well as the proceeds of the sale of the individual property of John S. Struthers.

The execution creditors filed exceptions to the report of the auditor. The court overruled the exceptions, and confirmed the report of the auditor, from which judgment this appeal is made.

*Edw. Owen Parry*, for appellant, referred to act of April 2, 1849, for protection of miners, &c., in Schuylkill and other counties. *Donner* v. *Stauffer*, 1 Pa. R. 204; 1 Story's Eq. § 677; *Reed's Appeal*, 6 Har. 235; *Dr. Foster's Case*, 11 Co. 63; *Weston's Case*, Dyer, 347; 10 Mod. 118; Bac. Ab. Statute (D) 673 to 675–695, 716; *Bowen* v. *Lease*, 5 Hill, 225; *Cathcart's Appeal*, 1 H. 421; *Cumming's Appeal*, 9 W. & S. 73; *Davids* v. *Harris*, 9 Barr, 501; Watson on Sheriff, 191; 7 Law Lib. 138; *Sharp* v. *Spier*, 4 Hill, 77–92; 9 Law Lib. 43; Co. Lit. 66 a; *The People* v. *Lambier*, 5 Denn. 9; 1 Kent's Com. 463.

*F. W. Hughes* and *Myer Strouse*, for appellee.

The opinion of the court was delivered April 4th, 1857, by

WOODWARD, J.—We give full effect to the third section of the act of assembly of 2d April, 1849, for the protection of miners, mechanics, and laborers, when we treat their claim as a preferred lien against the debtor's goods, to be satisfied out of the proceeds of a sale upon execution like a landlord's rent, before the execution creditor can take anything. Their lien is against their *debtor's* property. Now, who were the debtors of these miners? Struthers and Reed, confessedly. Was there a sale of the property of Struthers and Reed on the execution in question? It cannot be pretended; for an execution against one of several partners does not sell any part of the partnership effects, but only the contingent interest of the partner in the final balance, after all partnership debts are paid. *Doner* v. *Staufer*, 1 Pa. R. 198; *Deal* v. *Bogue*, 8 H. 233. It was not in this case, even in point of form, a sale of anything more, for the levy was upon the right, title, and interest of John S. Struthers in the partnership effects. The liens of the partnership creditors were unaffected by such a levy and sale, and where a creditor's lien is not divested by a judicial sale, he has no claim on the proceeds. The miners had all the rights they ever had—all that the act of assembly intended to give them—after the sale as fully as before. It would endanger the interests of laborers to hold them entitled to the proceeds of the sale of a partner's interest, where a partnership was their debtor, because this would make every such sale divest their lien against the property of the partnership, which is the essential element of their security.

A difficulty is suggested in argument not applicable to this case, but which might arise where the interests of both partners should be sold at the same time for their separate debts. What would become of the rights of laborers in such a case?

It is not necessary now to answer this question; but I have no doubt the courts would have power, under the act of assembly which gives them "the supervision and control of partnerships," to protect the rights of partnership creditors in such a case.

However this may be, these miners had the remedy in their own hands; for the partnership property, which was their security, survived the sale, and they should have looked to that, rather than to the price which the contingent interest of one partner therein, brought at the sale.

And now, April 4th, 1857, this cause having been fully heard and considered, it is ordered and adjudged that the decree of the Court of Common Pleas of Schuylkill County be

reversed and set aside, and that the fund in court be distributed first to the satisfaction of the execution of Elizabeth M. Beatty, and the residue thereof to the execution of Charles Haesler, and that the appellees pay the costs of this appeal.